IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05 CV 340

TERRY WHISNANT,

    Plaintiff,

v.

JP MORGAN CHASE BANK, as trustee, and
HOMECOMINGS FINANCIAL NETWORK,

    Defendants.

**ORDER**

**THIS MATTER IS** before the Court upon three separate motions. First, there is the Motion to Quash Summons Directed to Grady I. Ingle on Behalf of Homecomings Financial Network, (file doc. 6), filed on September 2, 2005. Plaintiff has not responded to this Motion and the time to do has already run. Second, there is the *Pro Se* Motion to Dismiss, (file doc. 11), filed on September 14, 2005. Plaintiff has not responded to this Motion and the time to do so has already run. And, third, there is the Motion to Compel Arbitration and Stay or Dismiss Action, (file doc. 14), filed on September 12, 2005. Plaintiff has not responded to this Motion and the time to do so has already run. Accordingly, these three Motions are ripe for disposition.

**A.    Motion to Quash Summons**

Grady I. Ingle ("Ingle") has filed this Motion to Quash Summons because he is not authorized to accept service for Defendant Homecomings Financial Network ("Homecomings"). (Ingle Aff. ¶¶ 4-5). It appears as though *pro se* Plaintiff Terry Whisnant ("Whisnant") had the impression that Ingle was authorized to accept such service because Ingle represented Homecomings in Whisnant's bankruptcy action. (Ingle Aff. ¶ 3.) The Court takes notice of the

fact that Ingle is not authorized to accept service for Homecomings, and accordingly **GRANTS** the Motion to Quash Summons. Further, the Court notes that according to Rule 4(m) of the Federal Rules of Civil Procedure, the 120-day time limit for serving a defendant in a civil action has not yet passed. Accordingly, this ruling shall cause no prejudice to *pro se* Plaintiff Whisnant. Further, the Court notes that Homecomings has entered an appearance in this matter through the filing of its Corporate Disclosure Statement, Refusal of Magistrate Judge Jurisdiction, and Motion to Compel Arbitration. And, finally, the Court notes that both the ruling on the Motion to Quash Summons and on the *Pro Se* Motion to Dismiss will have little impact on this case due to the issuance of a stay in this matter pending arbitration, but rather serve to settle the procedural issues pending on the docket prior to Whisnant seeking a resolution of this matter in arbitration.

**B.** *Pro Se* **Motion to Dismiss**

Sebring Capital Partners, LP ("Sebring"), proceeding *pro se*, has moved to dismiss this action against it "on the grounds that plaintiff Terry Whisnant has failed to state a claim against Sebring Capital Partners, LP, as to which relief may be granted." (Mot. at 1.) The Court notes that Sebring is not named as a defendant in the Complaint. Further, Whisnant has not specifically alleged anything against Sebring in the Complaint. And, as Sebring alleges, Sebring "sold the mortgage loan to GMAC-RFC, who transferred the servicing rights to Homecomings Financial Network. GMAC-RFC appears to have then sold the loan into a mortgage-backed security, and transferred ownership to JP Morgan Chase Bank as trustee for the security." (Mot. at ¶ 3.) Accordingly, as Sebring is not named as a Defendant and there appear to be no allegations directly against it in the Complaint, the Motion to Dismiss is **GRANTED**.

## C. Motion to Compel Arbitration and Stay or Dismiss Action

The Complaint in this action centers around a loan allegedly involving Whisnant's wife and Sebring, entered into on July 8, 2002. (Compl., Backer Aff. ¶ 4.) "Sebring later assigned its interest in the Whisnant Loan, including, but not limited to, its interest in the Adjustable Rate Note, Deed of Trust, and Arbitration Agreement executed in conjunction with the Whisnant Loan, to JP Morgan Chase Bank, as trustee, to hold in trust." (Backer Aff. ¶ 5.) "Homecomings is presently servicing the Whisnant Loan for JP Morgan Chase Bank, as trustee." (Backer Aff. ¶ 6.) In this Motion, JP Morgan Chase Bank ("JP Morgan") and Homecomings seek to enforce the Arbitration Agreement which both of the Whisnants signed on July 8, 2002. (Backer Aff. ¶¶ 7-8, Ex. C.) The Arbitration Agreement provides as follows:

> Any claim, dispute, or controversy (whether in contract, tort, or otherwise) arising from or related to the loan evidenced by the Note, including but not limited to all statutory claims, equitable claims, any claim, dispute or controversy that may arise out of or is based on the relationships which result from the Borrower's application to the Lender for the loan, the closing of the loan, or the servicing of the loan, or any dispute or controversy over the applicability or enforceability of this arbitration agreement or the entire agreement between Borrower and Lender (collectively "claim"), shall be resolved, upon the election of either Borrower or Lender, by binding arbitration, and not by court action . . .

(Backer Aff., Ex. C.) After reviewing the Complaint, there is no doubt that the claims brought here are squarely governed by the Arbitration Agreement.

The Federal Arbitration Act provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Thus, an arbitration agreement is valid and enforceable unless there is a ground in state contract law, such as fraud, duress, or

3

unconscionability, to prevent enforcement of the provision. *Sydnor v. Conseco Fin. Serv. Corp.*, 252 F.3d 302, 305 (4th Cir. 2001). Generally, judicial review of the enforceability of arbitration agreements is limited. *See Hooters of America, Inc. v. Phillips*, 173 F.3d 933, 938 (4th Cir. 1999). The review consists of determining whether a valid agreement to arbitrate exists and whether the dispute between the parties falls within the scope of the agreement. *Id.*

In this case, JP Morgan and Homecomings have provided a copy of the Arbitration Agreement in question. The agreement was signed by both Beverly J. Whisnant and Terry R. Whisnant on July 8, 2002. The language in the agreement which mandates arbitration of disputes arising out of the loan transaction is clear and unequivocal. Thus, under section 2 of the FAA, the arbitration agreement is "valid, irrevocable, and enforceable." As stated above, Whisnant has not replied to this Motion. Accordingly, the Court hereby **GRANTS** this Motion and compels the arbitration of this case according to the terms in the Arbitration Agreement and hereby stays this matter during the pendency of the arbitration.

**D.     Conclusion**

**IT IS THEREFORE ORDERED** that the Motion to Quash Summons Directed to Grady I. Ingle on Behalf of Homecomings Financial Network, (file doc. 6), be **GRANTED**. Further, that the *Pro Se* Motion to Dismiss, (file doc. 11), be **GRANTED**. And, finally, that the Motion to Compel Arbitration and Stay or Dismiss Action, (file doc. 14), be **GRANTED** in part, such that this action is hereby stayed and the parties are compelled to enter arbitration. The portion of this Motion seeking dismissal is hereby **DENIED**.

**Signed: October 3, 2005**

Graham C. Mullen
Chief United States District Judge