IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05 CV 340

TERRY WHISNANT,

    Plaintiff,

v.

JP MORGAN CHASE BANK, as trustee, and
HOMECOMINGS FINANCIAL NETWORK,

    Defendants.

**ORDER**

    **THIS MATTER IS** before the Court upon Plaintiff Terry Whisnant's Motion for Reconsideration, (file doc. 18), filed on October 14, 2005. Defendants JP Morgan Chase Bank, as trustee, and Homecomings Financial Network, Inc. (collectively "Defendants") filed a Response to the Motion on October 27, 2005. Accordingly, this Motion is ripe for the Court's consideration.

    Whisnant essentially makes two main arguments in this Motion. First, that the Court should reconsider its Order of October 3, 2005, because Tracy Backer's affidavit is allegedly invalid. And, second, that the arbitration agreement was part of a larger agreement which was allegedly invalid and allegedly rescinded, and thus the arbitration agreement is no longer effective either.

    Whisnant's first argument fails for two reasons. First, it "is improper to file a motion for reconsideration simply to 'ask the Court to rethink what the Court had already thought through – rightly or wrongly.'" *Wiseman v. First Citizens Bank & Trust Co.*, 215 F.R.D. 507 (W.D.N.C. 2003) (citations omitted). For this reason alone the Court could deny the Motion for

Reconsideration, but the Court has also considered Whisnant's argument that Ms. Backer's affidavit was invalid – noting that Whisnant did not respond to the Motion to Compel Arbitration, so the arguments made in this Motion are being heard for the first time by this Court. After reviewing Ms. Backer's affidavit a second time, the Court does not agree with Whisnant. Ms. Backer's affidavit follows the appropriate protocol and includes the necessary safeguards to ensure truthfulness. Additionally, Whisnant has provided no persuasive reason for this Court to find that Ms. Backer has been less than truthful or to find that the records provided to the Court were not kept or maintained in the regular course of business.

Further, Whisnant's claim that the entire agreement has been rescinded has no impact on the binding nature of the arbitration agreement. Whisnant asserts that the agreement in this matter has been validly rescinded. The arbitrator must decide whether the conditions for rescission have been met. *See Thompson v. Irwin Home Equity Corp.*, 300 F.3d 88 (1st Cir. 2002). The arbitration agreement exists precisely for disputes such as the one presented in this action.

**IT IS THEREFORE ORDERED** that Whisnant's Motion for Reconsideration, (file doc.18), be **DENIED**.

**Signed: November 3, 2005**

Graham C. Mullen
Chief United States District Judge